1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   EUGENE RAMAC                          No. CIV S-06-1141-MCE-CMK-P
     CASTRONUEVO,
12
                    Petitioner,
13
          vs.                                       ORDER
14
     THOMAS LONG,
15
                    Respondent.
16
     _____/
17

18          Petitioner, a prisoner proceeding with counsel, brings this petition for a writ of

19   habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's petition for

20   a writ of habeas corpus (Doc. 1).  On September 11, 2006, the court denied respondent's motion

21   to dismiss petitioner's claims as unexhausted and directed respondent to file an answer to the

22   petitioner within 30 days.  On October 11, 2006, respondent filed a document entitled "Answer

23   to Petition for Writ of Habeas Corpus."  That document, however, does not address the merits of

24   petitioner's claims.  Rather, respondent presents another procedural defense and argues that all

25   the claims are procedurally barred due to petitioner's allege default in state court by not raising

26   the claims on direct appeal.

                                              1

1    Respondent's October 11, 2006, pleading is not an answer within the meaning of

2    Rule 5 of the Federal Rules Governing Section 2254 Cases.[1]  Rule 5 requires that an answer must

3    "address the allegations in the petition."  The rule further provides that any procedural defenses,

4    such as the applicability of a procedural bar, should be asserted <u>in addition</u> to a response to the

5    merits of the claims.  In this case, respondent's pleading consists only of a procedural defense

6    and does not address the merits of the allegations in the petition.[2]  Accordingly, respondent will

7    be required to file a supplemental answer addressing the merits.  Respondent shall not assert any

8    additional procedural defenses.

9    As to the merits, petitioner raises two substantive claims.  In his Claim 1 and

10   Claim 2, petition asserts that his trial counsel was ineffective for failing to file a notice of appeal

11   on his behalf and for failing to correctly advise him of the immigration consequences of his

12   misdemeanor conviction.  In petitioner's Claim 3, he asserts that the California Court of Appeal

13   violated his federal constitutional rights by ending his appeal after the California Supreme Court

14   had ordered that the appeal be allowed to proceed and after the government conceded that the

15   appeal should be allowed to proceed.  Respondent shall address these claims on the merits.

16   With respect to the relief requested, petitioner seeks a writ of habeas corpus

17   directing that the misdemeanor conviction have no immigration consequence and that his legal

18   status be restored.  In his supplemental answer, respondent shall also address whether this is the

19   appropriate remedy or whether it would be more appropriate, if relief is warranted, to direct that

20   petitioner be allowed to appeal the misdemeanor conviction.

21   / / /

22   / / /

23

24   [1]    On June 2, 2006, the court issued an order advising respondent that any answer
     would have to comply with Rule 5.

25

26   [2]    It is not clear why respondent did not raise the procedural bar argument in its
     motion to dismiss.

Upon the filing of supplemental briefing pursuant to this order, the court will consider the petition in light of all the briefing on file, including respondent's October 11, 2006, pleading.

Accordingly, IT IS HEREBY ORDERED that:

1.     Within 30 days of the date of this order, respondent shall file a supplemental answer addressing the merits of petitioner's claims and the appropriate remedy should relief be warranted; and

2.     Petitioner may file a supplemental traverse within 30 days of service of respondent's supplemental answer.

DATED:   May 24, 2007.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE