1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   EUGENE RAMAC                          No. CIV S-06-1141-MCE-CMK-P
     CASTRONUEVO,
12
                      Petitioner,
13
           vs.                             <u>ORDER</u>
14
     THOMAS LONG,
15
                      Respondent.
16
     _____/
17

18           Petitioner, a prisoner proceeding with counsel, brings this petition for a writ of

19   habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent initially appeared in this action by way

20   of a motion to dismiss the petition.  Respondent argued that petitioner's claims were not

21   exhausted.  On September 11, 2006, the court denied respondent's motion to dismiss and

22   directed respondent to file an answer to the petition pursuant to Rule 5 of the Federal Rules

23   Governing Section 2254 Cases.  Instead of filing such an answer, however, respondent filed a

24   document entitled "answer" October 11, 2006, this time arguing that petitioner's claims are

25   procedurally barred because petitioner did not raise them on direct appeal to the state court.  On

26   May 25, 2007, the court directed respondent to file an answer on the merits.  The court

                                              1

1  specifically stated that respondent was not permitted to assert any additional procedural

2  defenses.

3           While respondent has filed an answer addressing the merits, he also seeks

4  permission to file a motion to dismiss, this time arguing that the petition is untimely.  The court

5  finds that assertion of this additional affirmative defense at this time violates the court's May 25,

6  2007, order which specified that no additional procedural defenses would be permitted.  In

7  addition, the defense has been waived because it was not asserted in respondent's first

8  responsive pleading (or his second).  See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004).

9  Therefore, the court construes respondent's request for leave to file a motion to dismiss asserting

10 a statute of limitations defense as a request to be relieved of this waiver.  So construed, petitioner

11 will be given an opportunity to respond to this argument in his supplemental traverse.  Upon the

12 filing of a supplemental traverse, or the expiration of the time to do so, this matter will be

13 deemed submitted on the briefing on file at that time.

14          Accordingly, IT IS HEREBY ORDERED that:

15          1.      Respondent's motion for leave to file a motion to dismiss (Doc. 20) is

16 construed as a motion for relief from the waiver described herein;

17          2.      So construed, petitioner may respond to this request in his supplemental

18 traverse; and

19          3.      Petitioner's supplemental traverse is due within 30 days of the date of this

20 order.

21

22 DATED:   June 26, 2007.

23

24                                          _____
                                            **CRAIG M. KELLISON**
25                                          UNITED STATES MAGISTRATE JUDGE

26