IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE RAMAC CASTRONUEVO,<br><br>    Petitioner,<br><br>  vs.<br><br>THOMAS LONG,<br><br>    Respondent.<br>_____/ | No. 2:06-cv-01141-MCE-CMK-P<br><br><br><br>ORDER |

     Petitioner, a prisoner proceeding with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

     On October 4, 2007, the magistrate judge filed findings and recommendations herein which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within 20 days.  Timely objections to the findings and recommendations have been filed.

/ / /

/ / /

1

1   In his objections, respondent argues, for the first time, that this court lacks jurisdiction to
2   rule on the petition because petitioner was not in custody at the time he filed the petition.  The
3   parties agree that petitioner had completed his state court sentence before he filed the instant
4   federal petition.  Also, the case law is clear that immigration consequences of a state court
5   conviction are not sufficient to meet the "in custody" requirement for federal habeas relief.

6   There are two exceptions to the "in custody" requirement:  (1) there has been a complete
7   failure of counsel amounting to a violation of Gideon v. Wainwright, 372 U.S 335 (1963); or (2)
8   no channel of review was available to the petitioner.  See Resendiz v. Kovensky, 416 F.3d 952,
9   959 (9th Cir. 2005).  The second exception is only a possible exception and would be rare.
10  See id.  As to the second rare exception, the Supreme Court has suggested that it exists where a
11  "state court . . . without justification, refuse[s] to rule on a constitutional claim that has been
12  presented to it."  Lackawanna County Dist. Atty v. Coss, 532 U.S. 394, 405 (2001).  In
13  Lackawanna, the Supreme Court stated:

> The general rule we have adopted here . . . reflects the notion that a defendant properly bears the consequences of either foregoing otherwise available review of a conviction or failing to successfully demonstrate constitutional error. (citation omitted).  It is not always the case, however, that a defendant can be faulted for failing to obtain timely review of a constitutional claim.  For example, a state court may, without justification, refuse to rule on a constitutional claim that has been properly presented to it.

19  Id.  While some courts in the Ninth Circuit have assumed without deciding that the second
20  exception exists and have concluded that it did not apply to the particular case, no court in the
21  Ninth Circuit has actually applied the second exception as a basis for jurisdiction.  See e.g.
22  Alford v. Maddock, 2007 WL 185494 (E.D. Cal. 2007).

23  Here, petitioner was not at fault for failing to obtain direct review by the state court of his
24  constitutional claim.  It was the conceded ineffectiveness of counsel that caused petitioner to
25  miss the deadline for filing a direct appeal.
26  / / /

Then, it was the unjustified action of the California Court of Appeal that ended his attempt at direct review. Therefore, the court concludes that this case presents the rare situation in which the second exception should apply.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 4, 2007, are adopted in full;
2. Petitioner's petition for a writ of habeas corpus is granted; and
3. This matter is referred back to the magistrate judge for further proceedings to determine and appropriate remedy.

Dated: December 14, 2007

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE