IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE RAMAC CASTRONUEVO,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>THOMAS LONG,<br><br>　　　　Respondent.<br>_____/ | No. CIV S-06-1141-MCE-CMK-P<br><br><br><br>ORDER |

      Petitioner, a prisoner proceeding with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On October 4, 2007, the undersigned issued findings and recommendations that the petition for writ of habeas corpus be granted.  On December 14, 2007, the district judge issued an order adopting the findings and recommendations in full and referring the matter back to the undersigned for further proceedings to determine an appropriate remedy.  The court hereby will set a briefing schedule on the issue of an appropriate remedy.

/ / /

/ / /

1

In a typical habeas corpus case, where the petitioner is in state custody pursuant to a state court criminal judgment, a federal court granting habeas corpus relief would issue a conditional release order directing the warden of the state prison to release the petitioner unless, within a reasonable time, the state corrects the constitutional violation by providing a new trial. This case, however, is not the typical case in that petitioner challenges a state court judgment but is in federal custody.  As outlined in the findings and recommendations, there appear to be at least two possible options.  Specifically, the court stated:

> As to an appropriate remedy, the court finds that petitioner should be put in the position he would be in had the state court not violated his constitutional rights.  In other words, based on the conclusion reached above that petitioner was denied an opportunity to be heard in the California Court of Appeal with respect to the alternative writ which the California Supreme Court directed the Court of Appeal to issue, it would seem that petitioner should be allowed such an opportunity.  It is unclear, however, whether this court has the power to direct the California Court of Appeal to do what it should have done in the first place – issue an alternative writ and provide the parties an opportunity to brief the case and be heard at oral argument.
> Another possible solution would be to issue judgment along the lines suggested by petitioner.  Specifically, this court could issue a conditional order directing that respondent – the warden at the federal immigration detention facility and over whom this court has jurisdiction – to release petitioner within a certain period of time unless the Court of Appeal issues the alternative writ and provides petitioner an opportunity to be heard.  This would leave the state courts free to act – or not to act – as they see fit.  This approach is somewhat troubling, however, given that it tends to penalize the federal government, which has an interest in ongoing removal proceedings, even though it has done nothing to violate petitioner's constitutional rights.

A third possible option would be to vacate the criminal judgment unless the California Court of Appeal issues the alternative writ as originally directed by the California Supreme Court.  Again, the court is uncertain whether it has the power to do so given that the state is not a party to this action.  Other options may also exist.

/ / /

/ / /

/ / /

2

As a starting point, the court notes that 28 U.S.C. § 2243 provides that the federal habeas court ". . . shall . . . dispose of the matter as law and justice require." See also In re Bonner, 151 U.S. 242, 261 (1894). The parties are directed to brief what possible remedies are available to petitioner in light of this court's grant of habeas corpus relief. The court is mindful that respondent will likely take the position that this court should not grant habeas corpus relief at all and that, therefore, no remedy is available. That argument, however, is for the Court of Appeals to resolve if respondent decides to appeal this court's final judgment. Therefore, in presenting his arguments, respondent is directed to assume for the time being that some kind of habeas relief is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 20 days of the date of service of this order, petitioner shall file a brief addressing the appropriate remedy;

2. Within 20 days after service of petitioner's brief, respondent shall file a response; and

3. Within 10 days after service of respondent's response, petitioner may file a reply.

DATED: December 18, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE