IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EUGENE RAMAC CASTRONUEVO,

    Petitioner,

vs.

THOMAS LONG,

    Respondent.

_____/

No. CIV S-06-1141-MCE-CMK-P

FINDINGS AND RECOMMENDATIONS

    Petitioner, a prisoner proceeding with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On December 14, 2007, the district judge adopted findings and recommendations that petitioner's petition for a writ of habeas corpus be granted.  The matter was referred back to the undersigned to determine an appropriate remedy.  Pursuant to the court's December 19, 2007, order, the parties have filed briefs on this issue.

    In the findings and recommendations, the court stated:

> This court concludes that, because the Court of Appeal failed to follow state law writ procedures, the California Supreme Court's ultimate denial of relief was objectively unreasonable.  In particular, by depriving petitioner an opportunity to be heard, the state courts deprived petitioner the fundamental hallmark of due process.

          As to an appropriate remedy, the court finds that petitioner should be put in the position he would be in had the state court not violated his constitutional rights.  In other words, based on the conclusion reached above that petitioner was denied an opportunity to be heard in the California Court of Appeal with respect to the alternative writ which the California Supreme Court directed the Court of Appeal to issue, it would seem that petitioner should be allowed such an opportunity.  It is unclear, however, whether this court has the power to direct the California Court of Appeal to do what it should have done in the first place – issue an alternative writ and provide the parties an opportunity to brief the case and be heard at oral argument.

          Another possible solution would be to issue judgment along the lines suggested by petitioner.  Specifically, this court could issue a conditional order directing that respondent – the warden at the federal immigration detention facility and over whom this court has jurisdiction – to release petitioner within a certain period of time unless the Court of Appeal issues the alternative writ and provides petitioner an opportunity to be heard.  This would leave the state courts free to act – or not to act – as they see fit.  This approach is somewhat troubling, however, given that it tends to penalize the federal government, which has an interest in ongoing removal proceedings, even though it has done nothing to violate petitioner's constitutional rights.

The problem with respect to the appropriate remedy in this case arises because, unlike the typical state habeas case where the petitioner is in the custody of an official of the state (i.e., the state prison warden), petitioner in this case is in the custody of a federal official – the warden of a Bureau of Immigration and Customs Enforcement ("ICE") immigration detention center.[1]  This gives rise to two questions:

    1.    Can this court direct the state court to act when the state is not a party to the action in any way?[2]

    2.    What ability does respondent – a federal agent – have to correct the violation of petitioner's constitutional rights by the state court?

/ / /

/ / /

---

[1] Petitioner has served his entire state court sentence and is now in immigration custody pending removal proceedings initiated as a result of the state court conviction at issue in this case.

[2] While the California Attorney General is representing respondent in this matter, neither the State of California nor any of its officers or agents, is a party to this action.

In directing the parties to address the appropriate remedy available to petitioner, the court observed:

> As a starting point, the court notes that 28 U.S.C. § 2243 provides that the federal habeas court ". . . shall . . . dispose of the matter as law and justice require." See also In re Bonner, 151 U.S. 242, 261 (1894).

Petitioner argues that returning this case to the state court is insufficient and that, instead, this court should ". . . order ICE to not use his convictions for immigration purposes, to end its removal proceedings against him, and to restore his legal permanent alien status." He states that he cannot obtain relief in the state court because, given the California Court of Appeal's earlier refusal to follow a directive of the California Supreme Court, "[i]t will feel even less obligation to follow a federal court's order." Petitioner also states that there is nothing left to litigate in state court.

This court does not agree with petitioner's argument that there is nothing left to litigate in state court. Specifically, there are two issues which have not been litigated in state court: (1) whether petitioner should be able to file a late notice of appeal; and (2) if so, whether petitioner is entitled to relief on the merits. In this case, petitioner's counsel was ineffective with respect to advising him on the immigration consequences of his conviction and his right to appeal. As a result, petitioner never filed a direct appeal of his conviction and was taken into immigration custody pending removal proceedings. In the context of petitioner's effort to seek leave from the Sacramento County Superior Court to file a late notice of appeal due to ineffective assistance of counsel, the California Supreme Court directed the Court of Appeal to issue an alternative writ. As this court stated in its findings and recommendations:

> Under California law, . . . [a]n alternative writ commands the respondent (in this case the Sacramento County Superior Court) to either: (1) do the act requested to be performed, in which case the cause becomes moot; or (2) file a written return setting forth the factual and legal bases which justify the respondent's refusal to do the act requested. See Kernes v. Superior Court, 77 Cal.App.4th 525, 529 n.1 (4th Dist. 2000).

///

Had the California Court of Appeal followed this procedure, petitioner would have at least been permitted a chance to be heard on the question of whether he should be allowed to file a late appeal.  Therefore, petitioner's argument that there is nothing left to litigate in state court is unpersuasive.

As to petitioner's argument that returning the case to state court would essentially be futile because the Court of Appeal would not obey this court's order given its prior refusal to obey the California Supreme Court's order, this court finds the argument to be speculative.  In other words, it would not be appropriate for this court to fashion a remedy on the assumption that the California Court of Appeal would not act in accordance with a federal writ of habeas corpus.  While some other remedies would undoubtedly be appropriate should the California Court of Appeal do so, that is not an issue to be decided today.

Neither of petitioner's arguments foreclose further proceedings in state court as an appropriate way of addressing the violation of petitioner's constitutional rights.

As to petitioner's preferred remedy, respondent argues that this court does not have the authority to order that petitioner's state court conviction ". . . have no immigration consequences and that Petitioner's lawful permanent alien status be restored."  Respondent cites Brownrigg v. United States Immigration and Nat. Serv., 356 F.2d 877 (9th Cir. 1966), in support of this argument.  While Brownrigg arose in a very different procedural contest, it is nonetheless instructive.  In Brownrigg, which involved a petition for review of a deportation order, the petitioner argued that evidence of his marijuana possession conviction should not be admissible in his deportation proceedings because the conviction had been expunged under California law. See id. at 878.  Following a long line of precedent, the Ninth Circuit held that evidence of the expunged conviction was admissible because expungement had no effect in deportation proceedings.  See id.; see also de Jesus Melendez v. Gonzales, 503 F.3d 1019, 1027 (9th Cir. 2007) (holding that expunged state conviction retained immigration consequences).

///

1    Similarly, in Cardoso-Tlaseca v. Gonzales, the Ninth Circuit held that a state court
2 conviction which had been vacated would retain its immigration consequences, but only if it had
3 been vacated for reasons unrelated to the merits, such as an equitable reason.  See 460 F.3d 1102,
4 1107 (9th Cir. 2006).  The court expressly acknowledge that a conviction which had been
5 vacated due to a procedural or substantive defect is not considered a "conviction" for
6 immigration purposes.  See id.  Thus, if a conviction were actually reversed on the merits
7 following direct appeal in state court it would not have any immigration consequences.
8 Respondent cites no authority to the contrary.
9    Respondent, however, is correct that, at this stage in the proceedings, the court
10 cannot grant the relief petitioner seeks – an order directing that his conviction have no
11 immigration consequences.  It would be premature to do so because petitioner has not yet
12 obtained a favorable decision on the merits of his state court conviction.  Similarly, there would
13 be no basis for this court to order, as petitioner alternatively suggests, his immediate release
14 pending resolution of the matter in state court.  Unless and until petitioner's state court
15 conviction is reversed for a procedural or substantive reason, the conviction retains its
16 immigration consequences.  See id.  Therefore, petitioner properly remains in immigration
17 custody as a result of that conviction.  Because petitioner is in custody as the result of the
18 immigration consequences of the conviction, and not as the result of the violation of his
19 constitutional rights, the court cannot order his release.
20    For an appropriate remedy, respondent suggests:

> . . . [T]he appropriate relief . . . would be as follows:  This Court should direct that a conditional writ issue remanding the case to the appellate department of the Sacramento County Superior Court, with directions that the superior court hear Petitioner's belated appeal based on the violation of Petitioner's federal constitutional rights.  If the superior court refuses to hear Petitioner's appeal on the merits, this court should direct that Petitioner may apply for an unconditional writ directing that he be released from custody.

26 / / /

1  Thus, respondent would have petitioner follow a two- step process:  (1) first, return to state court
2  pursuant to a conditional writ of habeas corpus from this court; and (2) if the state court refused
3  to hear the matter, return to federal court to start all over with an application for an unconditional
4  writ.
5        The court finds that respondents suggested remedy is close, but not quite right.
6  First, it goes a bit too far in that respondent would have this court send the case directly back to
7  the state court to hear the late appeal on the merits.  As discussed above, the first issue remaining
8  to be litigated is whether, under state law, petitioner should be granted leave to file a late appeal.
9  This issue must be decided by the state court before an appeal can be heard on the merits.  It is
10 possible that, without depriving petitioner due process, the state court will decide that he has not
11 made the showing necessary for leave to file a late appeal.
12       Second, respondent would have petitioner return to this court and start all over
13 again with a petition for an unconditional writ of habeas corpus should the state court refuse to
14 comply.  There is no need to require this extra procedural step because this court would not be
15 issuing a conditional writ in the sense that petitioner's release would be conditioned on the state
16 court acting.  Rather, returning the case to state court would be unconditional in the sense that the
17 state court would be required to allow the alternative writ to proceed.
18       Neither party has addressed this court's power to issue an order directing the state
19 court to act where it is not a party to this action.  However, to resolve this issue, the court returns
20 to its starting point that 28 U.S.C. § 2243 provides that the federal habeas court ". . . shall . . .
21 dispose of the matter as law and justice require."  See also In re Bonner, 151 U.S. 242, 261
22 (1894).  In addition, Congress has expressly granted the district court's with the authority to
23 review state court decisions in criminal cases to determine if they were either contrary to or an
24 unreasonable application of the law.  See 28 U.S.C. § 2254(d).  Based on this authority, the court
25 concludes that it does have the power to issue a writ with respect to the state court's orders
26 because, in this case, that is what law and justice require.  Specifically, the California Court of

Appeal's September 15, 2005, decision and the California Supreme Court's November 30, 2005, decision that followed, should be set aside because they were objectively unreasonable and deprived petitioner of due process.  Thus, the most recent valid state court order would be the April 13, 2005, order from the California Supreme Court directing the Court of Appeal to issue the alternative writ with respect to petitioner's claim that he should be allowed to file a late state court appeal of the underlying criminal conviction.  The result is that this court is not directing the state court to do anything.  It is the California Supreme Court's April 13, 2005, order which would compel the Court of Appeal to issue the alternative writ.

Accordingly, it is hereby recommended that a writ of habeas corpus be issued which sets aside the California Court of Appeal's September 15, 2005, decision and the California Supreme Court's November 30, 2005, decision.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 1, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE