IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE RAMAC CASTRONUEVO,<br><br>    Petitioner,<br><br>  vs.<br><br>THOMAS LONG,<br><br>    Respondent.<br>_____/ | No. 2:06-cv-01141-MCE-CMK-P<br><br><br><br>ORDER |

    Petitioner, a prisoner proceeding with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

    On February 4, 2008, the magistrate judge filed findings and recommendations herein which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within 20 days.  Timely objections to the findings and recommendations have been filed.

/ / /

/ / /

1

In objections filed by petitioner, petitioner's counsel argues that the February 4, 2008, findings and recommendations are based on a misunderstanding of the facts.[1]  As outlined by petitioner, the following is the relevant timeline of the state court's orders concerning his ability to file a late appeal of his state court conviction:

| | |
|---|---|
| April 13, 2005 | California Supreme Court granted petitioner's petition for review and directed the California Court of Appeal to issue an alternative writ. |
| April 26, 2005 | Court of Appeal issues alternative writ as follows: "The Sacramento County Superior Court, Respondent, is directed to forthwith grant relief requested in this petition [i.e., allow petitioner to file a late notice of appeal] and indicate to the court that it has done so or show cause in writing on or before May 26, 2005, why it has not done so and why the relief requested in this proceeding should not be granted." |
| May 5, 2005 | The California Attorney General, filed a document stating: "[I]n lieu of filing a written return to the alternative writ of mandate issued by the Court on April 26, 2005, real party in interest, the People of the State of California, concede that the relief requested by petitioner should be granted [i.e., that petitioner should be allowed to file a late notice of appeal]." |
| July 14, 2005 | Petitioner filed his notice of appeal in the Sacramento County Superior Court, challenging his underlying conviction. |
| September 15, 2005 | Court of Appeal issues order summarily denying leave to file a late notice of appeal. |
| September 20, 2005 | Sacramento County Superior Court issued order pursuant to September 15, 2005, order from Court of Appeal that late notice of appeal is to be "unfiled." |
| November 30, 2005 | California Supreme Court declines further review. |

///

---

[1] The facts underlying the February 4, 2008, findings and recommendations are the same facts which were outlined in the court's earlier October 4, 2007, findings and recommendations, which were adopted in full on December 14, 2007.  The court notes that petitioner did not assert in his objections to the October 2007 findings and recommendations that the court misunderstood the facts of the case.  This argument is raised for the first time in petitioner's current objections.

Petitioner now argues that, contrary to the magistrate judge's characterization of the facts, the Court of Appeal did in fact issue an alternative writ and that, in light of the Attorney General's concession, he filed his late notice of appeal in the trial court. Petitioner asserts that, even though the concession and filing of the late notice of appeal should have been the end of proceedings with respect to his ability to file a late notice of appeal, the Court of Appeal nonetheless issued an order which resulted in his late notice of appeal being "unfiled" by the trial court.[2]

Regardless of any confusion regarding the timeline of the state court orders, the fact remains that, as the court has already concluded, the Court of Appeal's September 15, 2005, order, and all orders which followed it, violated petitioner's due process rights by denying him an opportunity to be heard. Specifically, in summarily denying leave to file a late notice of appeal (after, as petitioner states, it had already issued the required alternative writ and the Attorney General had conceded to relief), the Court of Appeal sub silencio vacated its prior issuance of the alternative writ on April 26, 2005, in favor of its summary decision to the contrary that the late

---

[2] As the court has already noted, petitioner is incorrect that, under California writ practice, the Attorney General's concession ended the matter. Specifically, the court stated in the October 10, 2007, findings and recommendations as follows:

> . . . [I]ssuance of an alternative writ permits the respondent to concede the issue by doing the act requested. In this case, the respondent was the Sacramento County Superior Court, not the California Attorney General. Thus, the cause would only have become moot if the Superior Court had elected to allow the late notice of appeal to be filed, which it did not do. The California Attorney General's concession was of no legal consequence.

Petitioner's continued reliance on the Attorney General's concession that relief should be granted does not change the law or the facts of this case – the Attorney's General's concession was of no legal consequence and the Sacramento County Superior Court ultimately did not concede the matter by allowing the late notice of appeal to proceed.
  For this same reason, the court must reject petitioner's contention that "the Attorney General must stand mute before the Court of Appeal" because it conceded the issue and that the remedy recommended by the magistrate judge would permit the state court to, in essence, decide that no due process violation had occurred. The recommended remedy would not put the due process issue before the state courts. Nothing the state court's could do subsequent to this court's disposition of the case would result in a decision contrary to the determination that a due process violation had indeed occurred. Instead, the state court would be tasked with deciding, under state law, whether petitioner should be granted leave to file a late notice of appeal.

3

1 appeal should not be allowed. Thus, the factual premise of this court's findings and
2 recommendations and orders remains sound.

3       In support of his position that this court should order respondent in this case (the warden
4 of the federal immigration detention center) not to recognize his state court conviction as a basis
5 for continued immigration detention, petitioner also argues "[n]othing. . . entitles the INS to use a
6 constitutionally invalid conviction, and nothing keeps a federal court from ordering the INS to
7 disregard such a conviction." The flaw in this argument, as noted in the February 4, 2008,
8 findings and recommendations, is that the due process violation identified by this court does not
9 affect the validity of the underlying conviction. Rather, it affects petitioner's ability to be heard
10 with respect to whether he should be permitted to file a late notice of appeal of that conviction.
11 Thus, even in light of the due process violation, the underlying conviction remains valid and
12 enforceable for immigration purposes.

13       Finally, petitioner argues that "[t]he only fair alternative is to put Mr. Castronuevo back
14 in the position he would have been in had the Court of Appeal not violated his rights, and to
15 accomplish this he must be released from custody." The premise of this argument is petitioner's
16 contention that the status quo ante would be that "Mr. Castronuevo should be permitted to file a
17 notice of appeal."[3] This is not correct. Had the Court of Appeal not violated petitioner's due
18 process rights, the alternative writ would not have been vacated sub silencio in which case the
19 Sacramento County Superior Court could have conceded relief and allowed a late notice of
20 appeal or the question of petitioner's right to file a late notice of appeal would have been briefed
21 for decision by the Court of Appeal. Nothing in the status quo ante provided petitioner an
22 absolute right to proceed with a late notice of appeal.

23 / / /
24 / / /

---

[3] Petitioner contends that, once a notice of appeal is filed, his underlying conviction would no longer be considered final for immigration detention purposes.

The magistrate judge correctly concluded that a writ which sets aside the Court of Appeal's September 15, 2005, order (and all state court orders which followed) puts petitioner in the position he would have been in had the due process violation not occurred. Specifically, such a writ will have the result that the last valid state court order is the California Court of Appeal's April 26, 2005, alternative writ.[4] The Sacramento County Superior Court must now either concede relief and accept a late notice of appeal, or must show cause in the Court of Appeal why such relief should not be granted.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 4, 2008, are adopted, except as noted herein;

2. A writ of habeas corpus is hereby issued setting aside the California Court of Appeal's September 15, 2005, order, and all state court orders which followed; and

3. The Clerk of the Court is directed to enter judgment and close this file.

Dated: March 3, 2008

                    MORRISON C. ENGLAND, JR.
                    UNITED STATES DISTRICT JUDGE

---

[4] The court does agree with petitioner that the most recent valid state court order would be the April 26, 2005, alternative writ issued by the Court of Appeal, and not the California Supreme Court's April 13, 2005, order granting his petition for review. In this one regard only, the findings and recommendations are not adopted.